Opinion by
Orlad y, J.,
Edwin L. Kreider was appointed a local registrar of Lebanon county by the state board of health and vital statistics, under the provisions of the Act approved May 1,1905, P. L. 330, and after duly qualified performed the duties incident .to that office for the year 1906, and made returns with certificates to the state registrar, who upon approval thereof issued a certificate directed to the treasurer of Lebanon county, certifying that Kreider had made his return to the office of state treasurer during the year 1906, of 242 certificates of death and 373 certificates of birth, for which he was entitled to be paid under the provisions of section 20 of the act of 1905 the sum of $153.75, by the treasurer of Lebanon county.
*368 This certificate was presented to the county commissioners, and they were requested to draw their warrant on the county treasurer for .the amount, which they refused to do, and subsequently the appellee presented his petition as relator to the court of common pleas of Lebanon county for a writ of mandamus to compel the appellants to issue their warrant, etc. An answer was filed denying the liability of the county for the payment of such fees, for the reason that section 20 of the said act was inoperative and unconstitutional, because the title of the act gives no notice of and shows no intent to impose any liability for such fees upon the county. The relator demurred, and the court after argument decided the case upon the demurrer, awarding a peremptory writ of mandamus from which judgment the county commissioners have taken this appeal, the only question raised before us being the validity of the twentieth section of the act of 1905. An examination of this act discloses that it is a codification of preceding legislation which had its inception in the Act passed April 14,1851, P. L. (1852), 2, the preamble of which is as follows: "Whereas from the death of witnesses and from other causes it has been found difficult to prove the marriage, birth or death of persons whereby the rights of many have been sacrificed and great wrongs have been done; and whereas important truths deeply affecting the physical welfare of mankind are to be drawn from the number of marriages, births or deaths that during a term of years may be contracted or may occur within the limits of an extensive commonwealth; "and the same concern for the general safety and protection of the people of the commonwealth during the subsequent period of over fifty years is duly evidenced. The appointment of officials to secure the necessary information and to make returns that would be available as public records has been changed by several acts of assembly, but in every instance the fixed charges and expenses have been uniformly imposed upon the county in which the local work was done and the services rendered. Under the act of 1851, in order to preserve in permanent form the record, the services required by that act were rendered by the register of wills in the several counties, who was compensated *369 therefor by certain scheduled charges “which shall be paid to him on his demand by the Treasurer of the proper county.” Under the Act of June 6. 1893, P. L. 340, the duty devolved on the assessors of the townships, boroughs and wards within the commonwealth, and on the clerk of the orphans’ court; and the fees allowed for services rendered pursuant to that act were “ to be paid out of the county funds upon a certificate issued under the hand and seal of office of said clerk.” In'order to secure uniformity, precision and greater dispatch in furthering the purposes of this legislation the Act of May 1, 1905, P.. L. 330 was passed, and the contention is urged that the twentieth section which provides that “all amounts payable to Registrars under provisions of this section shall be 'paid by the Treasurer of the County in ‘which the registration districts are located upon certification by the Staté ■ Registrar who-shall annually certify to the Treasurers of the several counties the number of births and deaths registered with the-names of the' local Registrars and the amounts due each at the rates fixed therein,” is inoperative and void for the reason that the title, to the act does not indicate any intent to create a charge on the county funds for the services of the local registrars.' It is true there is nothing in the title to the act specifically directing that the county shall be liable for the services rendered by these officials. It is as follows: “an act to provide for the immediate registration of all births and deaths throughout the-commonwealth of Pennsylvania by means of certificates of births and deaths, and burial and removal permits; requiring’ prompt returns to the central bureau of Vital Statistics, at the capital of the State as required to be established by the State. Board of Health; and to insure the thorough organization and efficiency of the registration of vital statistics throughout the. State, as provided in section 7 of an act to establish a State Board of Health for the better protection of life and healths and to prevent the spread of contagious and infectious diseases in this commonwealth;” approved June 3, 1885, and making an appropriation for establishing and maintaining such a bureau, and providing certain penalties. ;
Prior legislation on this subject having imposed the liability *370 for such services on the county, when the act of 1905 became operative the title at least directed attention to either an imposition of liability on the county for services rendered under it, or a relief from a liability that had been imposed by former legislation on the same subject. The provisions contained in the body of the act are but details of the general purpose expressed in the title. The act shows on its face that the subject of legislation is not new, and if it be contended that the title does not specifically direct how the costs of enforcing it are to be paid, it could with equal force be urged that it does not indicate any change in the then existing liability of the counties for similar services. There is not a single section or a clause of any section in the act that is not clearly germane to the subject expressed in .its title, and the burden imposed by prior legislation on the subject is not shifted: House of Refuge v. Luzerne County, 215 Pa. 429. We have held that where prior legislation imposes upon counties a duty or burden, a subsequent act upon such subject need not expressly state in its title that the burden of paying for the same is to be borne by the county: Hays v. Cumberland County, 5 Pa. Superior Ct. 159; Bennett v. Sullivan County, 29 Pa. Superior Ct. 120. The title is not in any sense misleading. It directs attention to the methods by which the purposes of the legislation are to be carried into effect as much as to the departments to whose control the general project is submitted, and would at least put on inquiry anyone interested in the subject-matter referred to in the modifying, amplifying and dealing with former legislation that related thereto, for the reason that all laws' and parts of laws inconsistent with the provisions of that act of 1905 have been repealed: Borough of Millvale v. Evergreen Railway Company, 131 Pa. 1; Bridgewater Borough v. Big Beaver Bridge Company, 210 Pa. 105; Commonwealth v. Clark, 3 Pa. Superior Ct. 141; Commonwealth v. Curry, 4 Pa. Superior Ct. 356. The commissioners of the county have nothing to do with fixing the amount of the compensation of the registrar, which the act provides shall be paid by the county treasurer by warrant from the county commissioners: Commonwealth v. Martin, 170 Pa. 118. The certificate fixes the *371 amount due and with that the county commissioners have no concern; the treasurer is required to pay the amount of the certificate in accordance with the provisions of the act of 1905 — viz.: on the warrant of the county commissioners — the judgment is affirmed.