## Yeadon *v*. White, Appellant.

*Boroughs—Burial of the dead—Ordinances—Acts of April* 3, 1851, *P. L.* 320 *and May* 1, 1905, *P. L.* 330.

Where an undertaker who has obtained a permit from the board of health of a city for the burial of the body of a person who died in the city, undertakes to bury the body in a neighboring borough, he must also obtain a burial permit from the board of health of the borough, and pay the fee therefor as required by the borough ordinance.

There is nothing in the Act of May 1, 1905, P. L. 330, which renders invalid or abrogates a borough ordinance passed under the authority of the Act of April 3, 1851, P. L. 320, requiring permits to be taken out for the burial of the dead.

Argued Nov. 22, 1907. Appeal, No. 195, Oct. T., 1907, by defendant, from order of Q. S. Delaware Co., Sept. T., 1906, Miscellaneous Quarter Sessions Book, C. P. 263, affirming judgment of summary conviction in case of Yeadon Borough v. John J. White. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Appeal from summary conviction. Before JOHNSON, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Morton Z. Paul*, for appellant.—We contend the sovereign police power is in the state. The borough gets its police power from the state, which extends that power to it; and that if the state passes a health statute by reason of its sovereign police power, which does not detract from the protection given its subjects by local legislation, but gives them a greater pro-

tection, the local authorities cannot resist the enforcement of the state police regulation, as has been done in the case at bar, by arresting and fining the appellant and hundreds of others who were trying to carry out the state law: Dobbins v. Los Angeles, 195 U. S. 223; Ex parte Campbell, 74 Cal. 20 (15 Pac. Repr. 318); Ex parte Roach, 104 Cal. 272 (37 Pac. Repr. 1044).

*V. Gilpin Robinson,* with him *Isaac E. Johnson,* for appellee.—The act of May 1, 1905, is unconstitutional if it tries to regulate burials in boroughs, being in conflict with art. III, sec. 3, of the constitution: Brazier v. Philadelphia, 215 Pa. 297.

The act of May 1, 1905, is not exclusive in its terms, and therefore a borough ordinance not clearly inconsistent with the state act is not repealed.

OPINION BY ORLADY, J., July 15, 1908:

The defendant, an undertaker, obtained from the board of health of Philadelphia a permit to bury the body of one Mary Walsh, who died in that city. He removed the body to Holy Cross cemetery in the borough of Yeadon, Delaware county, and there buried it without getting an additional permit from the board of health of that borough as required by its ordinance. He was arrested, and after hearing before a local magistrate, was fined $5.00 with costs. Leave to appeal to the court of quarter sessions was obtained by due allowance, and after hearing the judgment of the magistrate was affirmed.

There is no dispute about the facts. The defendant admitted that he ignored the provision of the ordinance, No. 9, of the borough of Yeadon, and his sole defense was that no prosecution can be maintained under it; first, for the reason that it is class legislation and unconstitutional, and, second, that the provisions of the ordinance have been superseded by the Act of May 1, 1905, P. L. 330.

The authority to enact the ordinance has its foundation in the Act of April 3, 1851, P. L. 320, which vests in the corporate officers of the borough the power, among other things, "To prohibit within the Borough, burial or interment of de-

ceased persons, or within such partial limits within the same as they may from time to time prescribe, and to regulate the depth of graves, and to make such other regulations as may be necessary for the health and cleanliness of the Borough."

There are other ordinances which indirectly bear on this question, but they are not involved here, and the appellant's contention is confined to the alleged conflict between ordinance No. 9 and the act of May 1, 1905, the first assignment of error being that the court erred in holding "As to the Act of May 1, 1905, P. L. 330, it is a vital statistics act. It in no way affects the ordinance." Section 5 of the act provides, inter alia, "But when a body is removed from a district in Pennsylvania to an adjacent or nearby district, for interment, not requiring the use of a common carrier, or the use of a transmit permit, then the registrar's removal permit from the district where the death occurred may be accepted as authority for burial."

The requirements for burial provided in this act of 1905, are not necessarily in conflict with the requirements of the borough ordinance. While each refers to the same subject-matter—the burial of a human body—the act does not prevent a borough from regulating interments within its limits, or the charging of a reasonable fee therefor. Whether the state may take from the borough the whole power of police regulation in such cases is a question not necessary to decide here. The state does not attempt to do it in this instance, and those who have charge of the interment and removal of dead bodies are required to comply with both the state and the municipal regulations.

The reasonableness and propriety for such a requirement is found in Brazier v. Philadelphia, 215 Pa. 297, and in the present case, as in that one, it does not appear that the statute was intended to furnish the sole rule of conduct and regulation for the subject-matter of the legislation. The statute and ordinance are parts of a system of vital importance to the health and safety of both city and borough. The supervisory care of collating statistics and insuring safety to the public by proper registration of the cause of death and transfer of bodies by com-

mon carrier and ordinary conveyances, from point to point, are fully provided for by the act of 1905, and after a careful examination of the statute we feel that while the state has power to annul the ordinance, it has not clearly declared such an intention, and that the requirement to procure the burial permit granted by the board of health of Philadelphia, as well as the permit of the board of health of the borough of Yeadon, in Delaware county, for the burial of the body in that borough, is not unreasonable, and that both the ordinance and statute may stand.

The assignments of error are overruled and the judgment of the court below is affirmed.