## Borough of Yeadon v. Galen, Appellant.

Argued November 22, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Abraham Friedman,* and with him *John V. Horan* and *Joseph A. Rainville, Jr.,* for appellant.

*Edward H. Bryant, Jr.,* and with him *Harold L. Ervin* of *Lutz, Ervin, Reeser & Fronefield,* and *William J. MacCarter, Jr.,* District Attorney, for appellee.

OPINION BY PARKER, J., March 3, 1933:

The defendant, Joseph L. Galen, an undertaker, has appealed to this court from a summary conviction for failure to obtain a burial permit and pay for the same a fee of one dollar, in violation of an ordinance of the Borough of Yeadon, Delaware County. There is not any dispute as to the facts, as they were all agreed upon in writing, leaving the sole question for determination whether the provisions of the ordinance, under which conviction was obtained, were abrogated or made invalid by the Act of June 7, 1915, P. L. 900; 35 Purdon, Sec. 452, et seq.

The ordinance, described in its title as "An ordinance for the further regulation of interments of human bodies in the Borough of Yeadon," was enacted April 22, 1895. The first section fixed the depths of all

graves, and the second section provided: "No undertaker nor other person shall bring or cause to be brought into any portion of the Borough of Yeadon in order that the same may be buried therein, or bury or cause to be buried in any ground within the limits of said borough, the body of any deceased human being without in each case giving or causing to be given to the secretary of the board of health of said borough or to his duly authorized deputy, information (accompanied by the exhibition of a proper death certificate or other satisfactory proof) showing as nearly as can be the name, sex, color, probable age, place of last residence, and disease or cause of death of the decedent, and also where the funeral is to take place from and obtaining a permit for the burial of such body, the fee to be paid to such secretary or deputy before the issuing of which permit shall be one dollar." A later section fixed penalties for the violation of the provisions of the ordinance.

Joseph Lapier died in Philadelphia on February 15, 1931, and on February 19th, the defendant, in compliance with the Act of June 7, 1915, obtained from the registrar of the Bureau of Vital Statistics, Department of Health, Commonwealth of Pennsylvania, for the County of Philadelphia, a burial or removal permit for the burial of the deceased, and arranged for the interment in a cemetery in the Borough of Yeadon. He exhibited the state permit to the secretary of the board of health of the Borough of Yeadon, but "failed and refused to obtain a permit for the burial of the body of Joseph Lapier and/or pay to the said Hampton J. Leech, Secretary of the Board of Health of the said Borough," a fee of one dollar. The defendant then proceeded to inter the body in the cemetery in the Borough of Yeadon. Thereafter this action was brought.

This same ordinance was considered by this court

in the case of Yeadon v. White, 36 Pa. Superior Ct. 360. We there said: ''The authority to enact the ordinance has its foundation in the Act of April 3, 1851, P. L. 320,'' and held that where an undertaker, who has obtained a permit from the board of health of a city for the burial of a body of a person who died in the city, undertakes to bury the body in a neighboring borough, he must also obtain a burial permit from the board of health of the borough, and pay the fee required by the borough ordinance, and that there was nothing in the Act of May 1, 1905, P. L. 330, which rendered invalid or abrogated a borough ordinance passed under the authority of the Act of 1851 requiring permits to be taken out for the burial of the dead. The appellee contends that the Act of June 7, 1915, P. L. 900, which supplied the Act of May 1, 1905, P. L. 330, as amended at various times, does not abrogate or render invalid any portion of the ordinance in question, and that what was said in the case of Yeadon v. White, supra, is applicable to the present case. We are unable to agree with this contention.

The fifth section of the Act of 1915 provides that the body of a person whose death occurs in the state shall not be interred until a permit for burial, removal, or other disposition shall have been issued by the local registrar of the registration district in which the death occurs. It makes provision for the transportation of bodies by common carrier to a registration district in Pennsylvania for burial when the death occurs outside of the state, and with reference to removals from one district to another in this state, provides: ''But a burial permit shall not be required from the local registrar of the district in which interment is to be made when a body is removed from one district in Pennsylvania to another district in the State, for purpose of burial or other disposition, either by common carrier, hearse, or other conveyance, and no local registrar shall, as such, require

from undertakers or persons acting as undertakers, any fee for the privilege of burying dead bodies." The prime reason assigned in support of the decision in the case of Yeadon v. White, supra, was that the legislature, by the Act of 1905, in dealing with the subject of issuing permits for burial in a district to which a body was removed, provided for a local burial permit and by the use of the word "may," made it optional whether the first permit should be accepted as a basis for the second. The language of that act was as follows: "That a transit permit issued in accordance with the law and health regulations of the place where the death occurred, whether in Pennsylvania or outside of the State, may be accepted by the local registrar of the district where the body is to be interred or otherwise finally disposed of, as a basis upon which he shall issue a local burial permit, in the same way as if the death occurred in his district." On the other hand, the Act of 1915 provides, as we have shown, that a second permit and the payment of an additional fee shall not be required.

While the Act of 1915 has to do with the preservation of vital statistics and the legislation which it supplied was designed, at its inception, to maintain such a record that marriages, births, and deaths could be more easily proved (Com. v. Light, 35 Pa. Superior Ct. 366, 368), it has become clearly interwoven with various health acts and serves a much larger purpose than was intended by the original legislation. This is apparent from a reference to the title of the present act, which, in part, is as follows: "To provide for the immediate registration of all births and deaths throughout the Commonwealth of Pennsylvania, by means of certificates of births and deaths, and burial or removal permits ...... and, in order to secure prompt and faithful registration of births, marriages, deaths, and diseases, of practitioners of medicine and surgery, of midwives, nurses, and undertakers, and of

all persons whose occupation is deemed to be of importance in obtaining complete registration of births, deaths, marriages, and diseases throughout the state, as provided in section 10 of an act (Act creating a department of health) ...... approved the 27th day of April, 1905.'' The title and the substance of the Act of 1915 evince an intention on the part of the legislature to provide not only vital statistics, but also a general system throughout the Commonwealth for issuing burial permits in conjunction with other legislation for the protection of the public health and incidentally to avoid unnecessary permits and expense.

The Act of May 4, 1927, P. L. 519, Sec. 2801; 53 Purdon Sec. 15021, is derived from and now supplies the Act of 1851 to which we have referred, and provides as follows: ''Boroughs may prohibit within their limits, or within any described territory within such limits, the burial or interment of deceased persons, and may regulate the depths of graves.'' The construction which we have placed upon the Act of 1915 allows the section of the borough code to which we have referred and the provisions of the Act of 1915 to stand, but abrogates and nullifies that provision of the ordinance in question which would have required of the defendant a permit from the secretary of the board of health of the borough and the payment of a fee. The conviction of the defendant cannot be sustained.

The judgment of the lower court is reversed.