## Com. of Pa. *v.* Dickey, Appellant.

Argued April 9, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*George J. Edwards, Jr.,* and with him *James L. Rankin,* for appellant.

*Morton Z. Paul,* for appellee.

Opinion by James, J., November 19, 1934:

The defendant, William D. Dickey, superintendent of Eden Cemetery within the borough limits of Collingdale, has appealed from the judgment of the Court of Quarter Sessions of Delaware County, which affirmed a judgment of a justice of the peace in a summary conviction proceeding. Defendant was convicted of failing to obtain a certificate of inspection for a grave in which a body of an adult was interred as required by a borough ordinance. All of the facts were agreed upon and the sole question before us, is whether the ordinance is invalid.

Section 1, of the Act of April 27, 1905, P. L. 312 as amended by the Act of March 17, 1921, P. L. 37, (71, PS §140) provides inter alia, "The Department of Health shall consist of a Commissioner of Health and an advisory board." Under this general health act it is the duty of the Department of Health "to draw up such reasonable orders and regulations as are deemed by said board necessary for the prevention of disease and for the protection of the lives and health of the people of the State," which rules and regulations shall be duly promulgated as provided by Section 15, of the Act of 1905. Section 16, of said Act as amended by the Act of April 7, 1927, P. L. 154, (71 PS §1409) provides that: "Every person who violates any order or regulation of the Department of Health shall upon conviction pay a fine, and in default of payment to be committed to jail."

Section 1, of the promulgated rules and regulations of the board to be observed by undertakers, sextons, and other persons in charge of the interment or disposition of dead bodies provides as follows:

"DEPTH OF GRAVES

1. Except by special permission from the Department of Health no interment of any human body shall be made in any public or private burial ground unless the distance from all parts of the top of the box containing the coffin or casket be at least five feet from the natural surface of the ground, except where solid rock or water may be encountered; then the distance from the top of the box containing the coffin or casket shall be not less than four feet from the natural surface of the ground; and with the further exception that stillborn children and children less than four years of age, dead of any disease other than anthrax, cholera, diphtheria, leprosy, smallpox, scarlet fever, tetanus, typhoid fever, typhus fever or yellow fever, shall be buried at such a depth that the top of the

box containing the coffin or casket be not less than three and one-half feet from the natural surface of the ground.''

Section 1, of the borough ordinance regulating the depth of graves and requiring a certificate of inspection before bodies are buried adopted October 10, 1933, under which appellant was convicted provides as follows:

''Section 1, BE IT ENACTED by the Chief Burgess and Council of the Borough of Collingdale that hereafter no body shall be interred in any cemetery in the borough unless the grave wherein said body shall be interred shall be of such depth that the top of the box containing the coffin shall be at least five (5) feet from the natural surface of the ground, except where solid rock or water may be encountered, then the distance from the top of the box containing the coffin or casket shall be not less than four (4) feet from the natural surface of the ground, and with the further exception that children less than four (4) years of age shall be buried at such a depth that the top of the box containing the coffin or casket be not less than three and one-half (3½) feet from the natural surface of the ground.''

By subsequent sections, the ordinance provides that the Board of Health, or such persons as it may nominate, are vested with the authority to inspect graves and to issue certificates of inspection upon payment of the sum of two dollars and for the failure to obtain the certificate, imposed a fine, with imprisonment in default of payment of fine. Appellee relies upon the General Borough Act of 1927, P. L. 519, Art. XXV 111, relating to burial grounds which provides in Section 2801—Powers of Borough; ''Boroughs may prohibit within their limits or within any described territory within such limits, the burial or interment of deceased persons and may regulate the depth of graves,'' and

contends that the ordinance was enacted to carry out the powers granted in the language, "and may regulate the depth of graves." In its contention appellee overlooks the fact that the Department of Health had already adopted rules and regulations similar to the rules and regulations adopted by the borough with the exception of the clause relating to stillborn children and children less than four years of age dead of any disease other than the contagious diseases mentioned; while the ordinance provided for all children under the age of four years. As respects children dying of contagious diseases, the ordinance was not in harmony with the regulation of the Department of Health. In substance the ordinance was an adoption of the regulation of the board, for the violation of which, a penalty was already provided by the act of assembly.

Appellee earnestly argues that the language of Judge PARKER in the recent case of Borough of Yeadon v. Galen, 108 Pa. Superior Ct. 114, (164 A. 837), wherein he refers to Section 2801, supra, relating to the depth of graves, authorizes the enactment of the ordinance in question. The present question was not involved or considered in that case but it was there held that if a burial permit was obtained from the Registrar of Vital Statistics of the district in which a death occurred, it was not necessary to obtain a burial certificate in the registration district in which the interment is to be made. In interpreting the Act of June 7, 1915, P. L. 900, the court said: "The title and substance of the Act of 1915 evince an intention on the part of the legislature to provide not only vital statistics but also a general system throughout the Commonwealth for issuing burial permits in conjunction with other legislation for the protection of the public health and incidentally to avoid unnecessary permits and expenses."

Although the General Borough Act authorized bor-

oughs to regulate the depth of graves, it also provided that nothing contained in the Act shall be construed so as to repeal the provisions of any law, the enforcement of which is vested in the Department of Health. The Department of Health having promulgated a rule or regulation covering the subject matter of the ordinance relating to the depth of graves, the borough was powerless to require certificates of inspection relating to the matters already provided for by the Department of Health. Within its sphere, the Department of Health has control of the health of the State and the borough authorities are without power to impose restrictions and limitations on such subjects as the Department of Health has already covered by its own rules and regulations. Under the guise of a certificate of inspection, the borough authorities are not authorized to impose regulations and demand fees in reference to powers that have been delegated to and have been exercised by the general health body of the State. The certificate was an additional requirement not authorized by the Department of Health and consequently an invasion of its authority, and therefore the ordinance is invalid. In view of this conclusion we shall not discuss other questions argued in the appellant's brief.

The judgment of the lower court is reversed and the defendant is discharged.