## Latrobe Borough Ordinance

*P. K. McCormick* and *H. R. Belden*, for appellants. *John S. Lightcap, Jr.*, for Latrobe Borough.

BAUER, J., April 12, 1948.—On February 9, 1948, the Borough Council of the Borough of Latrobe, West-

moreland County, Pa., enacted an ordinance which, among other things, provided for the regulation and licensing of hotels, restaurants or clubs where alcoholic beverages are sold for consumption on the premises. Thereafter, on March 10, 1948, a number of taxpayers of the Borough of Latrobe filed an appeal from the ordinance in the Court of Quarter Sessions of Westmoreland County. A rule was granted upon the Latrobe Borough Council to show cause why the ordinance should not be adjudicated unlawful and void, and to this rule an answer was filed on March 24, 1948. A hearing was held on March 30, 1948, at which time testimony was adduced by both appellants and respondents.

Appellants averred, in their appeal, that this ordinance was enacted pursuant to the provisions of the Act of June 25, 1947, P. L. 1145, which act authorizes political subdivisions of the Commonwealth to levy, assess, and collect taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, which privilege, transaction, subject, occupation, or personal property are not now or do not hereafter become subject to a State tax or license fee.

In its answer to the appeal, the Latrobe Borough Council avers that the ordinance was not enacted under the provisions of the Act of June 25, 1947, but was enacted under the provisions of the Borough Code of July 10, 1947, P. L. 1621. Even if this averment be true, the appeal taken in this case is proper, for both acts provide for appeal from ordinances. The Act of June 25, 1947, P. L. 1145, sec. 3, provides for an appeal to the court of quarter sessions within 30 days from the time of adoption of the ordinance, and The Borough Code (sec. 23), provides for appeal to the court of quarter sessions within 30 days after any ordinance takes effect. The court, therefore, has jurisdiction of this appeal, whether the ordinance was

enacted under the Act of June 25, 1947, or The Borough Code.

If this ordinance was in fact enacted under the Act of June 25, 1947 for general revenue purposes, then it manifestly violates the provisions of the act in that:

1. It constitutes an effort to levy a tax on a privilege, transaction, subject, occupation, or personal property, which is now subject to a State tax or license fee, to wit, the privilege of selling intoxicating liquor for consumption on the premises, which privilege is licensed by the Commonwealth of Pennsylvania, under the Pennsylvania Liquor Control Act of November 29, 1933, Sp. Sess., P. L. 15, as amended by Acts of July 18, 1935, P. L. 1246, and June 16, 1937, P. L. 1762 (47 PS §744).

2. The Act of June 25, 1947, P. L. 1145, sec. 2, provides that prior to the passage of any ordinance imposing a tax, the political subdivision must give notice of its intention to pass such ordinance by advertisement once a week for four weeks in a newspaper of general circulation within such political subdivision, or, if none, in a newspaper of general circulation within the county in which the political subdivision is located. The answer to the appeal does not contain any averment that this section was complied with, and respondents offered no evidence of compliance with this provision relating to publication. In support of their allegation that the ordinance was enacted under the Act of June 25, 1947, P. L. 1145, appellants offered testimony to show that the borough council, in its deliberations prior to the enactment of the ordinance, regarded the ordinance as a revenue measure, and discussed it as a means of raising money. Respondents endeavored to rebut this testimony, and offered testimony in behalf of the council tending to show that the ordinance was enacted not for revenue purposes, but for the purpose

of providing regulation of the licensed premises under the police power of the borough.

We are of the opinion that it is unnecessary for us to determine whether the ordinance was enacted under the Act of June 25, 1947, for general revenue purposes, or under The Borough Code, as an exercise of police power, as averred by respondents. Even if the ordinance was enacted under The Borough Code, we are convinced that the ordinance is void as to appellants, who hold licenses issued by the Pennsylvania Liquor Control Board, for the reason that the Legislature of the Commonwealth of Pennsylvania, in enacting the Pennsylvania Liquor Control Act, clearly intended to enact a general law declaring a State policy as to the regulation of all liquor traffic within the Commonwealth, and the licensing thereof.

Section 3(*a*) of the act provides that it shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace, and morals of the people of the Commonwealth. Section 3(*c*) provides, inter alia, that "The provisions of this Act dealing with the importation, sale, and disposition of liquor, alcohol, and malt or brewed beverages, within the Commonwealth, through the instrumentality of the board and otherwise, *provide the means by which such control shall be made effective*". (Italics supplied.)

Section 201(*d*) provides that the Pennsylvania Liquor Control Board shall have the power "To grant, issue, suspend, and revoke all licenses and permits authorized to be issued under this act and the regulations of the board". "A general law declaring a state policy as to the prohibition or regulation of the liquor traffic supersedes all special charter rights of cities to license or otherwise control the same . . ."; 30 Am. Jur. 300, §81.

"A municipality cannot, in the absence of legislative authority, require dealers to obtain a municipal license

and penalize them for selling without one, when state laws permit persons to sell, who have, thereunder, obtained state licenses"; 30 Am. Jur. 300, §81.

Clearly the council of the Borough of Latrobe, in enacting the ordinance appealed from, has endeavored to usurp some of the functions of the Pennsylvania Liquor Control Board, for the ordinance provides for an application to the borough council for a license, an investigation by the council, and the issuance of a license by the borough secretary, if the council deem it to be proper. It has long been held that when a State has established a uniform and mandatory system of regulation covering an entire field, political subdivisions or municipalities have no power or authority to enact ordinances which conflict with or are repugnant to the State statute. ". . . in determining whether the provisions of a municipal ordinance conflict with a statute covering the same subject, the test is whether the ordinance prohibits an act which the statute permits, or permits an act which the statute prohibits": 37 Am. Jur. 790, §165.

The ordinance in this case would enable the Borough of Latrobe to refuse to license a hotel, restaurant, or club which had already been licensed under the provisions of the Pennsylvania Liquor Control Act. The ordinance, therefore, is in conflict with the Act of Assembly. In Girard Trust Co. et al. v. Philadelphia, 336 Pa. 433, a bill in equity was filed to enjoin the Bureau of Elevator Inspection of the City of Philadelphia from inspecting elevators in the city, and charging a fee therefor, on the ground that the Act of April 8, 1937, P. L. 277, confers authority to perform this function upon the Department of Labor and Industry of the Commonwealth of Pennsylvania. The court held that the Act of 1937 was both uniform and mandatory, and covers the entire subject of elevator inspection throughout the Commonwealth, and that,

therefore, the inspection and licensing of elevators must be regulated by the Department of Labor and Industry, as provided by the act of assembly.

In Commonwealth v. Dickey, 115 Pa. Superior Ct. 164, defendant was convicted before a justice of the peace of failing to obtain a certificate of inspection for a grave, in which a body of an adult was interred, as required by a borough ordinance. The conviction was sustained by the lower court, and defendant appealed. Appellee relied upon the provisions contained in the General Borough Act of 1927, but the Superior Court held that, since the legislature had evinced an intention to provide a general system throughout the Commonwealth, and the department of health having promulgated a rule or regulation covering the subject matter of the ordinance, the borough was powerless to require certificates of inspection relating to the matters already provided for by the department of health.

In Langan v. Rebhorn, 40 Lack. Jur. 134, it appeared that the legislature had provided a license fee for master plumbers in cities of the second class for a fee of $1. The City of Scranton added $14, making the total fee $15 for the issuance of a license. Plaintiff issued a mandamus against the city to compel the issuance of a plumber's license for $1, and the court held that the act of assembly governed the issuance of licenses, and that the City of Scranton had no authority to impose a larger fee than that set by the statute.

The ordinance of the Borough of Latrobe constitutes double taxation as to appellants, for they already are compelled, under the Pennsylvania Liquor Control Act, to pay a license fee for the privilege of selling intoxicating liquor, malt or brewed beverages for consumption on the premises, and under section 701 of the Liquor Control Act, all license fees paid by appellants to the Pennsylvania Liquor Control Board are returned to the Borough of Latrobe by the board.

In the case of Commonwealth v. Iron City Brewing Co. et al., 146 Pa. 642, and four other cases decided by the Supreme Court of Pennsylvania at the same time, certain brewers and distillers were operating under the authority of licenses granted by the Court of Quarter Sessions of Allegheny County, by virtue of the Act of May 13, 1887, P. L. 108, Act of May 24, 1887, P. L. 194, and the Act of June 9, 1891, P. L. 257. The mercantile appraiser of Allegheny County assessed mercantile license taxes against these brewers and distillers, and appeals were taken from these assessments. The court held that since all branches of the manufacture of, and all sorts of traffic in intoxicating liquor had been brought under the control of police legislation by the act of legislature, and since such business could be conducted only under the authority of a license granted by the court of quarter sessions, the mercantile license tax assessment was a nullity, and need not be paid by the licensed brewers and distillers.

In the case of Commonwealth v. Laboranti, 29 D. & C. 508, defendant was convicted under an ordinance of the City of Scranton prohibiting the manufacture, sale, transportation, or possession of beverages containing more than one half of one percent of alcohol by volume. The court reversed the judgment, and held that the ordinance was void, being in conflict with the Pennsylvania Liquor Control Act. At page 509, the court stated that: "A municipality cannot lawfully forbid what the legislature has expressly licensed, authorized or required, or authorize what the legislature has expressly forbidden."

We have concluded, therefore, that whether the ordinance in this case was enacted as a revenue-raising measure under the Act of June 25, 1947, P. L. 1145, or as a licensing and regulatory ordinance under the General Borough Code, the ordinance is illegal and void as to hotels, restaurants or clubs which have al-

ready been licensed by the Pennsylvania Liquor Control Board, and we therefore enter the following

*Decree*

Now, April 12, 1948, after full hearing and after careful consideration, it is hereby ordered, adjudged and decreed that the appeal from the ordinance of the Borough of Latrobe, ordained February 9, 1948, providing for the licensing (inter alia) of hotels, restaurants or clubs where alcoholic beverages are sold for consumption on the premises, be, and the same hereby is sustained, and the said ordinance is adjudged and declared unlawful and void insofar as it pertains to hotels, restaurants or clubs where alcoholic beverages are sold for consumption on the premises.