# Morrisville Borough v. Scarpone

*C. Conturso,* for plaintiff.

BECKERT, J., October 23, 1964.—Defendant, James Scarpone, is the owner-operator of a taxicab duly licensed in the city of Trenton, New Jersey, of which he is a resident. On July 13, 1964, a sergeant of police of the Borough of Morrisville stopped defendant as he was picking up a passenger in front of Pierce's Drugstore in the Borough of Morrisville, and charged him with a violation of the 'taxicab ordinance' of the borough, in that Scarpone did not have the necessary license as required by the ordinance. On the same day, Scarpone was also charged with a like violation by Samuel Cantor, the owner of the Morrisville Taxi Service. Defendant waived hearings before the justice of the peace and the two violations were heard before this court on August 31, 1964.

Preliminarily there are two phases which we must discuss before determining whether this case shall be disposed of on its merits. The first is the fact that this action is to recover penalties for the violation of a municipal ordinance and therefore should be in the court of common pleas, not the court of quarter sessions: Commonwealth v. Ashenfelder, 413 Pa. 517 (1964) ; and, secondly, we know of no authority authorizing the waiving of a hearing before a magistrate for

the alleged violation of a municipal ordinance. However, as neither point has been raised and without condoning the practice herein followed, we feel that the present litigation should be decided on its merits rather than dismissing it on technical grounds not advanced by the litigants: Young Men's Christian Association v. Reading, 402 Pa. 592 (1961).

The ordinance in question was enacted on December 11, 1929, and was entitled, "An Ordinance Regulating the license and operation of taxicabs and other vehicles transporting persons for hire, within the Borough of Morrisville, Bucks County, Pennsylvania, and providing penalties for the violation of any of said regulations". Section 71 of this ordinance, entitled "License Required to Operate Taxicab," states:

"No person . . . shall hire out, keep or use for hire or pay or cause to be driven, kept or used for hire or pay, any automobile, taxicab or other vehicle for the transportation of passengers, for hire or pay, within the Borough of Morrisville without having first obtained a license from said Borough for that purpose."

Section 72 entitled, "License Fee" provides:

"Every applicant for a license shall pay to the Secretary of Town Council for the use of the Borough, a fee for granting such license as follows: for every automobile, taxicab or other vehicle five dollars ($5.00) per year; for each driver of a taxicab or other vehicle one dollar ($1.00) per year."

By amendment to the above ordinance, approved February 14, 1961, it was provided by section 3 (a) that:

"Not more than eight (8) licenses shall be issued at one time under and by authority of this Ordinance and not more than six (6) of said licenses shall be issued by any one person, firm, partnership, or corporation engaged in hiring out, keeping or using for hire, or paying or causing to be driven, kept or used for use or

hire or pay, any automobile, taxi cab or other vehicle for the transportation of passengers for hire or pay within the Borough of Morrisville."

Defendant was not represented by counsel but implicitly he raised the objection that the ordinance as applied to him is invalid, and further testified that he had applied for a license on August 15, 1961, and was refused one because no more licenses were available. While he did not reapply in the years thereafter, the testimony is clear and uncontradicted that the borough had issued licenses each year thereafter, six to the Morrisville Cab Company and two to other Trenton cabs.

The ordinance, prior to its 1961 amendment, has already been the subject of scrutiny by this court in a similar factual situation. See Morrisville v. Martin, 7 Bucks 90 (1957). That case held that boroughs are authorized by the borough code to impose reasonable license fees on taxicabs used in transportation for hire and to regulate the operation of such vehicles within the borough. Authority to do so is contained in the Borough Code, Act of July 10, 1947, P. L. 1621, sec. 89, 53 PS §47915. However, in the Martin case, supra, the court pointed out that they had given no consideration to the possible effect of regulations of either the Interstate Commerce Commission or the Pennsylvania Public Utility Commission, a subject not raised or argued in that case. Nor did the court in the Martin case, supra, consider whether the provisions of the vehicle code limited the authority of the borough.

On this subject, The Vehicle Code, 75 PS §730, provides:

"No city, borough, incorporated town, township or county shall require or collect any registration or license fee or tax for any motor vehicle, trailer or

semi-trailer, or license from any operator thereof, except that cities may levy a fee or tax upon motor buses and motor omnibuses transporting passengers for pay or hire within the limits of any city, or from points within such city to its suburbs which are within a radius of ten (10) miles": Act of April 29, 1959, P. L. 58, sec. 730.

The Vehicle Code, 75 PS §1103, under the heading "Powers of Local Authorities" provides in part as follows:

"(a) Local authorities, except as expressly authorized by this act, shall have no power or authority to alter any speed limitations declared in this act, or to enact or enforce any ordinance, rule or regulation contrary to the provisions of this act, except that local authorities shall have power to provide by ordinance . . . , and may regulate the transportation by motor vehicles of passengers for compensation within the *limits of a city*, or from points in the *city* to points beyond the *city limits*, and make and enforce regulations for the operation of such vehicles not inconsistent with this act, . . .": Act of April 29, 1959, P. L. 58, 75 PS §1103. (Italics supplied.)

We are, therefore, met head on with statutes and an ordinance directly in conflict with each other. The following language from Western Pennsylvania Restaurant Association v. Pittsburgh, 366 Pa. 374, 381 (1951), is applicable:

"But if the general tenor of the statute indicates an intention on the part of the legislature that it should not be supplemented by municipal bodies, that intention must be given effect and attempted local legislation held invalid: Commonwealth v. Gillam, 8 Pa. 50; Girard Trust Co. v. Philadelphia, 336 Pa. 433, 9 A. 2d 883; Borough of Yeadon v. Galen, 108 Pa. Superior Ct. 114, 164 A. 837; Commonwealth v.

Dickey, 115 Pa. Superior Ct. 164, 175 A. 285; Devlin v. City of Wilkes-Barre, 69 D. & C. 99."

There can be no doubt in regard to the intention of the legislature, for the heading of section 730 of The Vehicle Code is "No Other Taxes or Fees to be Imposed; Exception."

Furthermore, the language of this section is quite specific and clearly exhibits the intent of the legislature in prohibiting a borough from imposing a license fee or tax. The fact that The Vehicle Code expressly exempts cities from this prohibition patently indicates that other local authorities, such as the borough in the instant case, have no such power. See the Foreword to the Pennsylvania Vehicle Code, by T. Henry Walnut and Henry Temin, 75 PS pp. 279-290.

The Pennsylvania Supreme Court in White Line Taxi & Transfer Co. v. South Brownsville Borough, 291 Pa. 478 (1928), distinguished its contrary decision in Borough of Applewold v. John M. Dosch, 239 Pa. 479 (1913), and held that a borough cannot by ordinance legally impose a license fee for the operation of motor vehicles used as common carriers for carrying passengers in and through the borough, such power having been withdrawn by the Act of June 30, 1919, P. L. 678, and the amendment of April 27, 1925, P. L. 254. See also Harrisburg Railways Company v. Harold V. McNair, Burgess of Middletown, 50 Dauph. 166 (1941).

Defendant has also contended that he was not in violation of the public utilities laws of Pennsylvania. Section 1102(6), Act of November 10, 1959, P. L. 1470, sec. 1, of the Public Utility Code, 66 PS §1102, defines a "Common Carrier by Motor Vehicle" as any common carrier "who or which holds out or undertakes the transportation of passengers or property, or both, or any class of passengers or property, *between points*

*within this Commonwealth* by motor vehicle for compensation . . ." and requires the issuance of a certificate of public convenience prior to lawfully rendering service within the Commonwealth: Pennsylvania Public Utility Commission v. Israel, 356 Pa. 400 (1947). (Italics supplied.)

Whether an applicant should be certified to furnish the type of service for which he applies is purely an administrative question for the determination of the Public Utility Commission: Posten Taxi Company v. Pennsylvania Public Utility Commission, 164 Pa. Superior Ct. 13 (1949). John Benkart & Sons Company v. Pennsylvania Public Utility Commission, 137 Pa. Superior Ct. 13 (1939). The Public Utility Commission can authorize competition, if necessary, to compel adequate taxicab service: Yellow Cab Company v. Pennsylvania Public Utility Commission, 161 Pa. Superior Ct. 41 (1947).

We need not, and do not, decide in this proceeding whether defendant was operating lawfully within the regulations promulgated by the Public Utility Law since he has not been charged with a violation of these regulations. Nor need we, or do we, decide whether section 3(a) of said ordinance, limiting the number of licenses to be issued in the Borough of Morrisville to eight is invalid, as a usurpation of the function of the Public Utility Commission.

Since section 71, requiring a license, and 72, requiring the payment of a fee for this license are in direct conflict with the Act of April 29, 1959, P. L. 58, sec. 730, we, therefore, hold section 71 and section 72 of the said Morrisville Borough Ordinance to be illegal, invalid and void, and accordingly enter the following

*Order*

And now, October 23, 1964, the charges brought against defendant, James Scarpone, for violations of

the ordinance of Morrisville Borough referred to in this opinion, are discharged and dismissed. The costs are directed to be paid by the Borough of Morrisville.