## BOR. OF WASHINGTON v. D. W. McGEORGE.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF WASHINGTON COUNTY.

Argued October 21, 1891—Decided January 4, 1892.

1. The act of April 22, 1889, P. L. 39, "A further supplement to an act regulating boroughs, . . . . . authorizing the corporate authorities to levy and collect a license tax on hacks, carriages, etc., carrying persons or property for hire," is not unconstitutional, under §§ 3, 6, article III. of the constitution.

2. A borough ordinance passed under said act, " to apply to all vehicles used in carrying persons or property within the borough, or between points within the borough and other points or places, whether the owner reside or the vehicles be kept within the borough or not," is valid and enforceable.

3. On the failure or refusal of any person, carrying persons or property for hire within the limits of a borough enacting such ordinance, to pay the license tax therein provided for, suit may properly be brought for the recovery thereof before a justice of the peace.*

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

---

* See § 7, act of April 15, 1835, P. L. 292; § 32, act of April 3, 1851, P. L. 327.

No. 205 October Term 1891, Sup. Ct.; court below, No. 4 August Term 1891, C. P.

On May 11, 1891, a case stated was filed, wherein the borough of Washington was plaintiff and D. W. McGeorge was defendant, setting forth as follows:

"1. That the borough of Washington, plaintiff above named, is duly incorporated under the laws of Pennsylvania, and is subject to the restrictions and possesses the powers and privileges conferred by act of April 3, 1851, P. L. 320, by decree of the Court of Quarter Sessions, under § 33 of said act.

"2. That the council of said borough, in January, 1890, and by amendment in April, 1890, adopted and approved the following ordinance:

"'Section 1. Be it enacted by the burgesses and council of the borough of Washington, and it is hereby enacted by the authority of the same, that all hacks, carriages, omnibuses, wagons and other vehicles, used upon the streets and alleys of the borough, in carrying persons or property for pay, shall be liable to an annual license tax as follows: --

| | |
|---|---|
| Hacks and carriages, each, | $5.00 |
| Omnibuses, each, | 8.00 |
| Express or freight wagons, each, | 5.00 |
| Baggage wagons, each, | 2.00 |
| Other wagons using one horse, each, | 3.00 |
| Other wagons using two horses, each, | 5.00 |
| Other wagons using four or more horses, each, | 8.00 |

"'The said tax shall be paid to the treasurer of the borough on or before the first day of April of each year, and it shall be the duty of the said treasurer, upon the payment of said tax, to issue a license to the person paying, authorizing him to use the vehicle upon which the tax has been paid.

"'Section 2. Each license taken out shall bear the number of the vehicle, and the vehicle for which the license is paid shall have the number painted upon it. The borough treasurer shall furnish duplicate license receipts for all licenses taken out, to the chief of police.

"'Section 3. If any person shall use any hack, carriage, omnibus, wagon, or other vehicle, in carrying persons or property for pay, within the borough, without having paid said license

Statement of Facts.

tax, he shall be liable to a penalty of twenty dollars for each offence, to be collected by suit in the name of the borough before the chief burgess or any justice of the peace, one half of the penalty to be for the use of the person making the information, and the other half for the use of the borough.

" ' Section 4. This ordinance shall apply to all vehicles used in carrying persons or property within the borough, or between points within the borough and other points or places, whether the owner reside, or the vehicles be kept within the borough or not.'

" 3. That defendant was the owner during the year 1890, after the adoption of said ordinance, of one one-horse wagon and one two-horse wagon, which he kept for hire, and with them he hauled property for pay within said borough, without having first taken out a license under the ordinance aforesaid.

" 4. That the plaintiff above, has caused a suit to be entered against the defendant, for the recovery of eight dollars, the amount of ꞩaid license, before C. M. Ruple, Esq., a justice of the peace in said borough.

" 5. The defendant denies the power and authority of the borough of Washington to pass and enforce such ordinance as above recited.

" 6. The defendant denies the right, under said ordinance, to recover such license fee or tax, by suit instituted for the amount thereof before a justice of the peace.

" 7. That said ordinance was passed in pursuance of the act of April 22, 1889, entitled ' A further supplement to an act regulating boroughs, approved the third day of April, one thousand eight hundred and fifty-one, authorizing the corporate authorities to levy and collect a license tax on hacks, carriages and other vehicles, carrying persons or property for pay.'

" If the court be of opinion (1) that said act of April 22, 1889, is constitutional, and (2) that said ordinance is in conformity with said act of April 22, 1889, and (3) that suit for the recovery of the amount of said license fee was properly instituted before a justice of the peace, then judgment to be entered for the plaintiff ; but if not, then judgment to be entered for the defendant ; the costs to follow the judgment, and either party reserving the right to sue out a writ of error therein."

After argument, the court, McIlvaine, P. J., on May 21, 1891, filed the following opinion:

The defendant admits that " he is the owner of one one-horse wagon and one two-horse wagon, which he keeps for hire and with which he hauls property for pay within the borough of Washington; " and that he has not taken out a license under the ordinance approved January 20, 1890, entitled "An ordinance imposing a license tax on vehicles," and its supplement of April, 1890. [The questions submitted to the court for its opinion are: (1) Is the act of assembly approved April 22, 1889, constitutional? (2) Is the ordinance in conformity with said act? and (3) Can the license fees due from the defendant be recovered by a suit before a justice of the peace? These questions in our opinion must all be answered in the affirmative.] [1]

The act of assembly approved April 22, 1889, P. L. 39, can well be characterized as a bunglesome piece of legislation, yet we are not satisfied that it is wholly unconstitutional. It is true that the enactment of the first section is broader than the title, and so far as the power conferred on town councils to " limit the compensation " for the use of hacks, etc., is concerned, it must be held to be unconstitutional. But, striking this out of the first section, it leaves the enactment the same as expressed in the title of the act, and hence not repugnant to the clause of the constitution which provides that the title of an act shall clearly express the subject thereof: § 3, article III. Neither do we think the act repugnant to § 6, article III. of the constitution; for it does not revive, amend, extend or confer the provisions of an existing law. It is a supplement of the act of 1851, and simply adds one more power to the many already conferred on the corporate officers of a borough.

There can be no doubt that " an entire act is not necessarily unconstitutional, because the title fails to give notice of some particular matter contained therein." The rule has been to sustain the portion of which the title gives notice: Dewhurst v. Allegheny City, 95 Pa. 442, and cases there cited.

The first section of the act confers the power on the town councils " to enact ordinances establishing reasonable rates of license tax on all hacks, carriages, omnibuses and other vehicles

used in carrying persons or property for pay, within the limits of boroughs." The title of the act gives full notice of this enactment, and the first section of the act is thus far constitutional and must be sustained.

The second section, in its provision that the license tax shall be collected as other licenses, taxes, fines and penalties are now authorized by law to be collected, cannot all stand, because taxes and fines and penalties are not collected in the same way, but in a totally different way. To say that a license tax shall be collected as taxes are collected, and to say that a license shall be collected as fines and penalties are collected, is to prescribe two ways of collecting the license tax which are irreconcilably repugnant. And, as but one way of collecting the license tax was evidently intended to be pointed out, the rule is to take the last way pointed out; that is, the license tax is to be collected as fines and penalties are collected, before a justice of the peace under § 7, act of April 15, 1835: Packer v. Railroad Co., 19 Pa. 211.

But, even if § 2 were to be stricken from the act, because of the objections that have been urged against it, still we are of the opinion that the license could be collected by the borough from the defendant, on an implied promise. If the borough had the power under the first section of the act of 1889, as we think it had, to enact the ordinance in question, and that ordinance required the defendant to pay a license of three dollars for his one-horse wagon, and a license of five dollars for his two-horse wagon, if he used them for hire, and he did use them for hire, the law implies a promise on his part to pay the eight dollars, and they can be recovered by the borough in an action of debt before a justice of the peace, if no other remedy is provided. This doctrine is sustained by Stockwell v. United States, 13 Wall. 542. In that case, an act of congress imposed a tariff on certain imported goods, and provided no way to collect it. The importer refused to pay, and the Supreme Court held that an action of debt by the United States against the importer, would lie upon his implied promise to pay the tariff when he imported the goods, upon the "principle that every person will obey the will of the legislature."

[And now, May 21, 1891, this cause came on to be heard upon the facts stated, in the nature of a special verdict, and was

argued by counsel; whereupon, upon due consideration, it is ordered, adjudged and decreed that judgment be entered in favor of the plaintiff.] [2]

—Thereupon, the defendant took this appeal specifying that the court erred:

1. In the portion of the opinion embraced in [ ] [1]

2. In entering the decree embraced in [ ] [2]

*Mr. T. F. Birch* (with him *Mr. James P. Sayer*), for the appellant.

Counsel cited: Act of April 22, 1889, P. L. 39; §§ 3, 6, article III., and § 1, article IX. of the constitution; Sewickley Bor.. v. Sholes, 118 Pa. 165 ; Millerstown Bor. v. Bell, 123 Pa. 154; Commonwealth v. Stodder, 2 Cush. 562 (48 Am. Dec. 679) ; Titusville I. Works v. Oil Co., 122 Pa. 627 ; Wells v. Buffalo, 14 Hun. 438 ; Commissioners v. Gas Co., 12 Pa. 318; Buffalo v. Webster, 10 Wend. 95; Mayor of Hudson v. Thorne, 7 Paige 261 ; Stokes v. New York, 14 Wend. 87.

*Mr. J. P. Miller*, for the appellee, was not heard.

The brief filed cited: Allegheny Co. Home's App., 77 Pa. 80, Millvale Bor. v. Railway Co., 131 Pa. 1 ; Dewhurst v. Allegheny City, 95 Pa. 442 ; Millerstown Bor. v. Bell, 123 Pa. 151 ; Commissioners v. Gas Co., 12 Pa. 318 ; Packer v. Railroad Co., 19 Pa. 211 ; § 7, act of April 15, 1835, P. L. 292 ; § 32, act of April 3, 1851, P. L. 327 ; Stockwell v. United States, 13 Wall. 542.

OPINION, MR. JUSTICE STERRETT :

The facts recited in the case stated presented for the consideration of the court below three questions: (1) Whether the act of April 22, 1889, therein referred to, is constitutional ; (2) whether the borough ordinance conforms to the act; (3) whether payment of the license tax due by defendant, under the provisions of the ordinance, can be enforced by suit before a justice of the peace.

These questions were rightly answered in the affirmative, and judgment on the case stated was accordingly entered in favor of the plaintiff. The act in question is entitled " A further supplement to an act regulating boroughs, . . . . . au-

Opinion of the Court.

thorizing the corporate authorities to levy and collect a license tax on hacks, carriages, and other vehicles carrying persons or property for pay," etc. The first section of the act empowers the council of every borough " to enact ordinances establishing reasonable rates of license tax on all hacks, carriages, omnibuses, and other vehicles used in carrying persons or property for pay, and limit the compensation for the same within the limits of said borough." The second section provides "that said ordinance shall be enforced as other borough ordinances are by law enforced, and the license tax shall be collected as other licenses, taxes, fines, and penalties are now authorized by law to be collected."

The power of the legislature to pass such an act cannot be questioned. There is nothing either in the title or in the body of the act that offends against any provision of the constitution. The title gives to all persons interested ample notice of the subject of the act; quite sufficient, at least, to lead them to an inquiry into the body of the bill. Nothing more than that is required: Allegheny Co. Home's Appeal, 77 Pa. 80. The power given in the body of the act to limit compensation, etc., cannot be regarded as a distinct subject from that clearly expressed in the title. On the contrary, it is germane to that subject; and hence the act is not in conflict with § 3, article III., of the constitution: Millvale Borough v. Railway Co., 131 Pa. 1.

We are also of opinion that the borough ordinance sufficiently conforms to the act; and also, that suit for the collection of the license tax was properly instituted before a justice of the peace.

There was no error in entering judgment in favor of the plaintiff.

Judgment affirmed.