## The Borough of Kittanning, Appellant, *v.* Alexander Montgomery.

*Borough—Power to license hacks—Act of April 22, 1889, constitutional.*

The Act of April 22, 1889, P. L. 39, which provides that boroughs of this commonwealth shall have the power to enact ordinances establishing reasonable rates of license tax on all hacks, carriages, etc., used in carrying persons and property for pay, is constitutional.

*Ordinances—Hack license—Livery stable.*

A borough ordinance, passed under this act, imposing a license on such vehicles so used, does not apply to the keeper of a livery stable.

Argued May 14, 1897. Appeal, No. 183, April T., 1897, by plaintiff from judgment of C. P. Armstrong Co., Dec. T., 1896, No. 221, granting a compulsory nonsuit. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Appeal from judgment of a justice of the peace. Before RAYBURN, P. J.

It appeared from the evidence that suit was brought by the borough of Kittanning, under the Act of April 22, 1889, P. L.

39, a supplement of the Act of April 3, 1851, P. L. 320, sec. 2, for a license imposed by ordinance on all hacks, carriages, omnibuses, wagons, sleighs and other vehicles used upon the streets and alleys of said borough, in carrying persons or property of any kind for pay, against defendant who kept a livery stable in said borough.   The fees for the license being $22.00.

The court below entered a compulsory nonsuit.   Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*J. T. Crawford* and *J. W. King*, for appellant.—In Webster's dictionary we find that "hire" and "pay" are synonymous terms in the fullest extent.   In the expression "vehicles used in carrying persons or property for pay," there are no words of technical or artificial use, and therefore are to be taken in their ordinary popular meaning.

In the case of Washington Borough v. McGeorge, 146 Pa. 248, it is declared that a similar ordinance adopted under the said act of 1889, is valid and enforceable.   In that case the facts were identical with this one now under discussion ; in the Washington borough case as in this one the defendant kept vehicles for hire, and they were used for hauling property for pay, as in this the vehicles were used for carrying persons for pay.

*M. F. Leason*, for appellee.

OPINION BY WICKHAM, J., July 23, 1897 :

The Act of April 22, 1889, P. L. 39, provides, that the boroughs of this commonwealth "shall have power to enact ordinances establishing reasonable rates of license tax on all hacks, carriages, omnibuses and other vehicles used in carrying persons or property for pay," and directs that such license tax shall be collected as other licenses, taxes, etc., are authorized by law to be collected.

This act was held in Borough of Washington v. McGeorge, 146 Pa. 248, to be constitutional, and an ordinance very similar to the one before us, passed thereunder, was declared valid.

The proper authorities of the borough of Kittanning, on December 4, 1895, adopted an ordinance providing, " That all

hacks, carriages, omnibuses, wagons, sleighs, and other vehicles used upon the streets and alleys of said borough, in carrying persons or property of any kind for pay, shall be liable to an annual license tax as follows," and then proceeds to classify the different vehicles and prescribe the amount of tax to be paid on each.

The defendant was the keeper of a livery stable, which has been briefly defined as "A place where horses are groomed, fed, and hired and where vehicles are let:" 13 Am. & Eng. Ency. of Law, 935. He was not the proprietor of hacks, cabs, or carriages that stood or plied for hire in the streets, nor a common or quasi common carrier, but merely hired horses and vehicles, in the manner usual in the livery business, to anyone who came to his stable.

The learned judge of the court below rightly held, that the defendant was not liable to pay the taxes assessed against his vehicles. We do not think that the act contemplates that livery stable keepers should or could be required to pay on every buggy and carriage kept in their stables simply for the purpose of letting. The tax while nominally on the vehicle is really on the use. If I choose to lend my wagon to a neighbor and he employ it in carrying persons or property for pay, he and not I must meet the tax. There is no lien on the wagon therefor, nor am I subjected to any personal liability. So if I hire the wagon to him and he use it in a like way the result is the same. There is no reason why any other rule should be applied to a livery stable keeper. If any of his customers use the vehicles which he lets to them by the day, week, month or for a longer period, in conveying persons or property for gain, they and not he should pay the tax.

There is no difficulty in so construing the ordinance as to exclude from its operation the class of business men to which the defendant belongs. The interpretation contended for by the appellant would, if adopted, condemn the ordinance, pro tanto at least, as an attempt to exceed the power conferred by the statute which must be looked to as the only source of the right claimed by the borough: Millerstown v. Bell, et al., 123 Pa. 151.

Judgment affirmed.