Argued October 10, 1941.
Plaintiffs are barbers, and in this action in equity sought to enjoin the city from enforcing the provisions of its ordinance of June 27, 1935 as amended, regulating the conduct of barber shops in Philadelphia and imposing the payment of an annual inspection fee of five dollars on each shop. The ordinance is intended to supplement the Act of June 19, 1931, P.L. 589 as *Page 93 
amended, 63 PS 551, "An Act to promote the public health and safety. . . . . ." Plaintiffs contend that the ordinance as a whole, and particularly in requiring the payment of an inspection fee, is an invalid exercise of the city's police power for the reason that the state in this legislation has preempted the field by providing a uniform, comprehensive and state-wide system, applicable to all barbers and the conduct of their shops. The lower court, after giving plaintiffs leave to amend, sustained defendants' preliminary objections and dismissed the bill.
The above act required the registration of every person engaged as a barber at the time of its passage, accompanied by an affidavit of a practicing physician that he was free from contagious and infectious disease. All others were required to present similar evidence of good health and to submit to an examination as to general qualifications as a prerequisite to receiving certificates of registration authorizing them to practice such occupation. Certificates of registration are subject to revocation for cause. The Department of Public Instruction in cooperation with the Department of Health was given the power to adopt reasonable rules prescribing sanitary requirements. The act provides for the inspection of barber shops by officers or duly authorized agents of the department. To practice as a barber while suffering from a contagious or infectious disease or knowingly to serve a person so diseased or to impart any infectious or contagious disease through carelessness or negligence in the practice of such occupation, was made a misdemeanor; all other violations of the act are punishable by fine on summary conviction. The sanitary provisions of the act are supplemented by rules of the department.
There are essential differences between the above act and the statutes construed in the two decisions relied upon by appellants, in neither of which was there any delegation of the police power of the state to the *Page 94 
municipality. Girard Tr. Co. v. Phila., 336 Pa. 433, 9 A.2d 883
held a city ordinance, relating to the inspection and licensing of elevators in Philadelphia, invalid, because of the Act of April 8, 1937, P.L. 277, 35 PS 1341, which set up a general and exclusive system governing the entire subject matter. For that reason there was an inherent incompatibility between the act and the ordinance. The same may be said of Com. of Pa. v. Dickey,115 Pa. Super. 164, 175 A. 285 where the ordinance relating to the burial of the dead was held to be an invasion of the authority given by statute to the State Department of Health.
There is no evidence in the legislation in question, however, of an intention to establish a state-wide system of regulation to be administered exclusively by the state. On the contrary the act, in § 7 of the amendment of June 5, 1937, P.L. 1689, authorizes the municipalities to adopt "appropriate ordinances, not inconsistent with the provisions of this act or the rules and regulations adopted thereunder, as may be deemed necessary to promote the public health and safety and regulate the conduct of barber shops. . . . . ." The ordinance for the most part is a restatement of the provisions of the statute and the rules of the department and is in no respect inconsistent with them. The virtue of a health regulation is in its enforcement. The act in permitting supplements by city ordinance admits the magnitude of the problem. This provision, in effect, invites municipalities to adopt ordinances meeting local needs and by inspections and otherwise to assist in seeing to it that every barber and shop conform to the standards of practice established by the state. The ordinance in question was "deemed necessary to promote the public health," in furtherance of the broad purposes of the act. It does not go beyond them. The city's judgment therefore that additional inspection is in the public interest must be respected and given effect. *Page 95 
The act of assembly requires the payment of a license fee but does not assess a registrant with the cost of state inspection. The fee exacted by the city for its inspection service is not a duplication of a charge for the same kind of service. The collection of a fee by the city to provide additional inspection is not inconsistent with the statute and is adapted to carry out the purpose. Cf. Com. v. Vigliotti, 271 Pa. 10, 115 A. 20. Regardless of a specific grant of authority, a municipality in the exercise of its police power may regulate certain occupations in addition to and not inconsistent with statutory regulations.City of Pittsburgh v. Streng, 90 Pa. Super. 288. It is only where the statute and ordinance are inconsistent or if the statute can fairly be regarded as intended to supplant the ordinance, that the latter must give way. Brazier v.Philadelphia, 215 Pa. 297, 64 A. 508. The annual fee of five dollars imposed by the ordinance upon a barber shop to meet the cost of necessary inspection is reasonable in amount.
The bill complains that the city has brought suits in assumpsit before magistrates to collect the inspection fee, and that other similar suits are threatened. The propriety of such action is ruled by Washington Bor. v. McGeorge, 146 Pa. 248, 23 A. 222. The question there involved was whether a license tax could be collected by suit before a justice of the peace. The supreme court said: ". . . . . . we are of the opinion that the license could be collected by the borough from the defendant, on an implied promise. If the borough had the power under the first section of the Act of 1889, as we think it had, to enact the ordinance in question, and that ordinance required the defendant to pay a license of three dollars for his one-horse wagon, and a license of five dollars for his two-horse wagon, if he used them for hire, and he did use them for hire, the law implies a promise on his part to pay the eight dollars, and they can be recovered by the borough in an action of *Page 96 
debt before a justice of the peace, if no other remedy is provided. This doctrine is sustained by Stockwell v. UnitedStates, 13 Wall. 542." The inspection fee, with which we are concerned here, is a charge akin to a license fee and the same remedies are available for its collection.
Appellants' remaining contention relating to the alleged inconsistency between the act and the ordinance in their penal provisions was not raised in the court below and is not the subject of an assignment of error. Matters not raised nor considered below cannot be invoked on appeal even though they involve constitutional questions. Montgomery Co. B. Assn. v.Rinalducci, 329 Pa. 296, 197 A. 924; Middletown Boro. v. Pa.P.U.C., 143 Pa. Super. 444, 17 A.2d 904. We need not discuss the question, further than to say that, since the act gave the city the right to enact an ordinance not inconsistent therewith, by necessary implication the municipality was given the power to enforce its ordinance.
Our conclusion in this case is not affected by the fact that inKellerman v. Philadelphia, 139 Pa. Super. 569, 13 A.2d 84, we held § 10 of the ordinance, regulating the hours of opening and closing, to be unconstitutional. The ordinance provides that its provisions are severable. The above decision was restricted to that section alone and has no effect upon the question of constitutionality of the remainder of the ordinance. A statute, state or municipal, may be unconstitutional in part and yet be sustained with the offending part omitted, if the paramount intent will not be destroyed thereby. Rothermel v. Meyerle,136 Pa. 250, 20 A. 583.
The decree is affirmed. *Page 97