## Bussone v. Blatchford et al., Appellants.

Argued April 11, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*G. Philips*, with him *Philips, Farran & McKeag*, for appellants.

*Louis A. Bloom*, with him *Albert J. Crawford, Jr.* and *Albert Blumberg*, for appellee.

OPINION BY DITHRICH, J., July 15, 1949:

The question involved is whether a borough ordinance prohibiting the sale of malt or brewed beverages for consumption on the premises of a restaurant located within a restricted business district, where the owner of said restaurant has been granted a license by the Pennsylvania Liquor Control Board, is valid. The court below answered the question in the negative and enjoined the borough from enforcing the ordinance. The decree will be affirmed.

The Beverage License Law, May 3, 1933, P. L. 252, 47 PS §84, as amended, completely governs, regulates, and controls the sale of malt or brewed beverages within the limits of the Commonwealth, and provides a complete licensing system with respect thereto.

The complainant, having met the necessary requirements of the law, chief of which is that the licensee must have a restaurant with suitable accommodations for serving the public upon the premises, was granted a license to sell malt or brewed beverages for consumption *on* or *off* the premises.

The ordinance complained of provides that such beverages shall not be "sold . . . for consumption *on* the premises." (Italics supplied.) The Commonwealth having specifically authorized the sale of such beverages for consumption *on* the premises, the borough under its general powers cannot enact an ordinance restricting such sales to *off* the premises consumption. Any discretion as to whether the beverage shall be consumed on or off the premises has been lodged by the Liquor Control Board with the licensee, and not with the borough. It

is inconceivable that the State would require a licensee to set up an establishment where meals would be provided and malt or brewed beverages served with the meals, only to have the municipality, under the guise of its general police powers, deny the licensee the valuable privilege granted to him by the State. No other conclusion is possible than that the State, acting within its police powers, has seen fit to preëmpt this field.

While there is no Pennsylvania appellate court decision directly in point, the principle, that municipal ordinances which conflict with statutes are invalid, has been recognized both by the Supreme Court and this Court.

In *Brazier v. Philadelphia,* 215 Pa. 297, 64 A. 508, it was stated in the opinion of the court below, page 300, that: "It is, of course, beyond all question that, if the statute and the ordinance are inconsistent, or, if the statute can fairly be regarded as intended to supplant the ordinance, the latter must give way and the statute only have effect given to it." The decree was affirmed on the opinion of the court below.

In *Grisbord v. Philadelphia,* 148 Pa. Superior Ct. 91, 24 A. 2d 646, this Court said, page 95: ". . . where the statute and ordinance are inconsistent or if the statute can fairly be regarded as intended to supplant the ordinance, . . . the latter must give way. Brazier v. Philadelphia, 215 Pa. 297, 64 A. 508."

*Commonwealth v. Laboranti,* 29 D. & C. 508, is very much in point. It was there held that an ordinance of the City of Scranton prohibiting the manufacture, sale, transportation, or possession of beverages containing more than one-half of one per cent of alcohol by volume, except by those holding licenses so to do by virtue of existing laws, was void because it was in conflict with the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended. The Court

of Quarter Sessions, in setting aside a conviction under the ordinance, cited the following from 19 R. C. L. 803: ". . . an ordinance is not valid which conflicts with any statute of the state. A municipality cannot lawfully forbid what the legislature has expressly licensed, authorized or required, or authorize what the legislature has expressly forbidden."

In McQuillin, Municipal Corporations, 2d Ed., Revised Vol. 3, section 949, pages 114, 115, it is said that: ". . . ordinances in conflict with statutes are void, unless expressly authorized. The general rule is that, where there is a state law relating to a subject, an exercise of police power by the municipality thereon must be in conformity with such law"; and in section 922, page 32, appears the following example: "Thus public drunkenness, although made a public offense by statute, affects especially the morals of the local community; and hence, ordinances denouncing it have been sustained under a general grant of power by courts that have declined to uphold ordinances originating by the same authority relating in like manner to subjects covered by state laws, e. g., sale of intoxicating liquor. And courts have held that a municipal corporation cannot under general powers prohibit possession of intoxicating liquors by ordinance."

"Ordinances which assume directly or indirectly to permit acts . . . which the state prohibits, or to prohibit acts permitted by the state, are uniformly declared to be null and void": 43 C. J., Municipal Corporations, §219 (2) (a), pages 217, 218. And ". . . it has often been held that a municipality cannot lawfully forbid what the legislature has expressly licensed, authorized, permitted, or required, or authorize what the legislature has expressly forbidden": 37 Am. Jur., Municipal Corporations, §165, page 789.

In their brief appellants "contend that this case is ruled by the decisions . . . in Borough of Kingston v.

Kalanosky, 155 Pa. Superior Ct. 424 [38 A. 2d 393], and Kistler v. Swarthmore Borough, 134 Pa. Superior Ct. 287 [4 A. 2d 244], and that the effect of the decree of the Court below is actually to overrule those two cases decided by this Court." Both cases are readily and clearly distinguishable.

In the *Kingston Borough* case it was held that the Act of June 29, 1923, P. L. 957, 53 PS §15731, under which a zoning ordinance had been adopted prohibiting the operation of a retail beer dispensing business upon premises within a residential district, had not been repealed by the Beverage License Law, May 3, 1933, P. L. 252, and its supplements, 47 PS §744-602-14. The Court said, page 428:

"Both the Zoning Law and the Beverage License Laws were enacted under the police power of the Commonwealth, one to promote the general welfare by regulating the *location,* character and purpose of lands and buildings within the municipality, the other to accomplish a like purpose by the regulation and restraint of the liquor traffic. Both acts are comprehensive and enforcible within the scope of the purpose for which they were adopted and are not inconsistent nor repugnant. To sustain the position of the court below, destroys the validity of every residential zoning or restrictive business zoning ordinance insofar as it may affect the *location* of a liquor license." (Italics supplied.)

Thus, it clearly appears that the Borough of Kingston was not attempting to regulate the operation of licensed premises, but merely to restrict their location.

In the *Swarthmore Borough* case it was held that the borough had the right to prohibit the *location* of a motion picture theater within the borough limits. The ordinance there did not prohibit that which the State had specifically authorized, as in the case at bar.

Decree affirmed at the costs of the Borough of Lansdowne.