## Binder v. Pottstown Borough

*Julian W. Barnard,* for plaintiffs.
*C. Edmund Wells,* for defendants.

FORREST, J., February 23, 1955.—Plaintiffs, Carl M. Binder and Dorothy G. Binder, his wife, and others have brought this complaint in equity against the Borough of Pottstown and certain officials thereof to enjoin defendants from enforcing the provisions of an ordinance of the Borough of Pottstown of June 9, 1952, alleging that the ordinance is void because of (1) alleged procedural defects in the enactment of the ordinance and (2) alleged want of statutory author-

ization to the borough to enact such ordinance and enforce it against plaintiffs.

For present purposes the averments pertaining to Carl M. Binder and Dorothy G. Binder, his wife, will be considered applicable to all plaintiffs, it being alleged that the situation of the other plaintiffs is "similar or comparable". The complaint alleges, inter alia, that on September 8, 1952, the Binders bought the vacant lot on which a contractor built a dwelling for them, that the construction was completed prior to March 3, 1953, on which date they received a letter from the borough manager, reading, inter alia, as follows:

"Inasmuch as this permit was issued subsequent to the enactment of a Borough Ordinance dated June 9, 1952, and is deemed a violation of the provisions of this Ordinance, it will be necessary for you to effect prompt compliance with its terms.

"Sections of the Ordinance which relate to your case are cited herewith:

"Section 1. No contractor, owner, builder or developer shall commence construction of any housing development, dwelling, residence or building of any kind designed or to be used for residential purposes, nor shall any permit therefor be finally issued until the following shall have been furnished, supplied, complied with, performed, and approval thereof by the Borough Council obtained:

"(e) All adjoining, bounding, intersecting and connecting streets or highways, curbs and sidewalks completely and fully constructed and paved in accordance with Borough specifications and requirements at the cost of the contractor, builder, owner or developer, and approved by the Borough, or a performance bond in double the amount of the Borough's estimate of cost in cash or with approved corporate surety, shall be filed by the contractor, builder, owner or developer,

conditioned for completion of construction of such streets, curbs and sidewalks"; that the letter also directed notice to the penalty section which contains the following clause:

"Any permit issued in violation hereof shall be null and void and any construction begun without compliance herewith shall be stopped and cessation thereof enforced by the Police Department"; that the letter also contained the following:

"Instructions received by this office from proper authority grant ten (10) days, from receipt of this notice, in which you may comply by filing with this office approved corporate surety or cash as provided by Section 1(e) of the Ordinance. Failure to comply will necessitate further action against you as provided by Section 2."

Defendants filed preliminary objections as follows:

"1. The Complaint seeks to enjoin enforcement of the provisions of a duly enacted ordinance of the Borough of Pottstown, and to have this Court declare the ordinance illegal and void.

"2. By Section 1 of the Act of May 18, 1933, P. L. 818, as amended July 10, 1947, P. L. 1621, Sec. 23, known as the Borough Code (53 Purdons 12900), the exclusive remedy of any party aggrieved by or seeking to establish the invalidity of a borough ordinance, is by appeal to the Court of Quarter Sessions, upon entering into appropriate recognizance, as therein provided.

"3. Plaintiffs have full, complete and adequate remedy at law.

"4. A municipal corporation cannot be enjoined in the performance of an authorized, municipal function."

Inasmuch as this comes before us on preliminary objections in the nature of a demurrer, the allegations of fact contained in the complaint are taken to be true. In commenting upon Pa. R. C. P. 1017(b) (4)

authorizing preliminary objections in the nature of demurrer, Anderson Pa. Civ. Prac., vol. 2, p. 330, states: "The demurrer admits as true the facts set forth in the opposing pleading": Brown v. T. W. Phillips Gas & Oil Co., 365 Pa. 155 (1950). The procedure on demurrer in an action in equity is in accordance with rules relating to the action of assumpsit. See Pa. R. C. P. 1501. As stated by Anderson, op. cit., vol. 10, p. 98:

"The practice in equity relating to the form and disposition of preliminary objections is the same as in assumpsit."

Preliminary objections nos. 1, 2 and 3 are related and will be considered together because they raise only one question of law, to wit, whether a complaint in equity is a proper procedure to attack a borough ordinance or whether the procedure should have been an appeal under the Borough Code of July 10, 1947, P. L. 1621, sec. 23, 53 PS §12900, requiring that the appeal be taken in 30 days. We have decided in an opinion by President Judge Knight in Wynnewood Civic Association v. Lower Merion Township, 70 Montg. 260 (1954), that only procedural defects can be attacked on an appeal from an ordinance. This court reached this decision after a full discussion as to whether the ordinance could be attacked on the substantive law involved, and we came to the conclusion that such matters could not be considered in an appeal under a like provision in the township code. Accordingly, plaintiffs' complaint that the procedure in passing the ordinance was irregular cannot be considered in equity.

Consequently, only one consideration remains, i.e., preliminary objection no. 4, which is: "A municipal corporation cannot be enjoined in the performance of an authorized, municipal function", which raises the question whether the borough had the power to adopt an ordinance as it is being interpreted by the borough

authorities. It is hornbook law that a borough has only such power as it is given by the legislature.

"Municipalities are not sovereigns; they have no original or fundamental power of legislation; they have the right and power to enact only those ordinances which are authorized by an act of the legislature: Kline v. Harrisburg, 362 Pa. 438, 68 A. 2d 182; Murray v. Phila., 364 Pa. 157, 71 A. 2d 280.

"Moreover, an ordinance must be in conformity with the provisions of the enabling statutes; if it conflicts therewith it is void: Bussone v. Blatchford, 164 Pa. Superior Ct. 545, 67 A. 2d 587; Grisbord v. Phila. 148 Pa. Superior Ct. 91, 24 A. 2d 646; Kline v. Harrisburg, 362 Pa., supra; 1 Dillon on Municipal Corporations, 5th Ed., 449": Genkinger v. New Castle, 368 Pa. 547, 549 (1951). See also Kline v. Harrisburg, supra, and cases cited therein, and Deane v. Edgeworth Borough Board of Adjustment, 172 Pa. Superior Ct. 502 (1953), for instances where the general rule has been applied to zoning law.

Plaintiffs contend that the borough has no right to prohibit the Binders, the owners of one home, as contrasted with the builder of a development, from constructing a mere entrance or driveway to their home; a fortiori, they cannot be compelled to build a public street when they merely desire an entrance to their home. If they were building several homes on their property for the use of others an entirely different question would be presented, one in which the health, welfare, safety or morals of the public could be affected.

" 'All grants of power by the government are to be strictly construed . . .' ": Solar Electric Company's Appeal (No. 1), 290 Pa. 156, 165 (1927).

". . . as the power conferred by the Borough Code is a general one, it can be exercised only in a reasonable manner: Livingston v. Wolf, 136 Pa. 519; Kneed-

ler v. Borough of Norristown, 100 Pa. 368; 28 Cyc. 370; 19 Ruling Case Law, page 805; Dillon on Municipal Corporations, 5th ed., page 943; McQuillan on Municipal Corporations, (1911) vol. 2, section 725": Manorville Borough v. Flenner, 286 Pa. 103, 106 (1926).

Municipal corporations may "exercise the police power only as authorized by valid legislation": Valley Deposit and Trust Company of Belle Vernon, 311 Pa. 495, 499 (1933).

"Of course, *any restriction* imposed by such an ordinance *on the use of property must be reasonably conducive to the safety, health, morals or general welfare of the public,* for the exercise of the police power is always subject to judicial review and a law based upon it must not be patently beyond the necessities of the case but must bear some rational relation to the end to be attained": Adams v. New Kensington, 357 Pa. 557, 564 (1947). (Italics supplied.)

"The question whether any particular statutory provision is so related to the public good and so reasonable in the means it prescribes as to justify the exercise of the police power, is one for the judgment, in the first instance, of the law-making branch of the government, but its final determination is for the courts": Gambone v. Commonwealth, 375 Pa. 547, 551-552 (1954).

The borough cites The General Borough Act of May 4, 1927, P. L. 519, sec. 1202, as amended by the Act of July 10, 1947, P. L. 1621, sec. 40, 53 PS §13333, as authority. This section was enacted under the police power of the legislature in matters affecting health, welfare and safety of the inhabitants. It enables the borough to adopt a building code. Such an enactment is clearly within the police power. This ordinance is not in this classification. The borough further cites

the Act of May 4, 1927, P. L. 519, sec. 1666, as most recently amended by the Act of July 19, 1951, P. L. 1026, sec. 6, 53 PS §13697. However, this section has to do with the construction, opening or dedicating of streets or drainage facilities "for public use", or for common use of occupants of any building in the borough. There is no allegation that the Binders have constructed, opened or dedicated any street or attempted to do so. Nevertheless, if the evidence on a trial of the case discloses that the Binders were developing a tract, it may be that a subdivision ordinance would give the borough the power which it appears to assert. However, counsel for the borough concedes that the Binders' actions have not constituted a subdivision. It appears that the Binders have merely built a home and constructed a driveway or entrance thereto.

The representation has been made to the court that all plaintiffs, except the Binders, have filed their bonds and that the borough has no reason to demand compliance with any other part of the ordinance. Therefore, it appears that the complaint may be academic as to all parties plaintiff other than the Binders. If the aforementioned representation is stipulated of record or if such is shown to be the fact at the hearing of the case, the complaint will be dismissed as to all parties plaintiff except the Binders. However, as far as the Binders are concerned, their rights depend upon the facts of their particular case. Insofar as the preliminary objections pertain to the allegations of the complaint dealing with procedural defects in the enactment of the ordinance, they should be sustained. Defendants, nevertheless, should be required to answer on the merits.

### Order

And now, February 23, 1955, the preliminary objections are overruled, except that preliminary

objections nos. 1, 2 and 3 are sustained insofar as they pertain to allegations of the complaint dealing with procedural defects in the enactment of the ordinance of the Borough of Pottstown of June 9, 1952. Defendants are allowed 20 days from the date hereof in which to file an answer on the merits.