## Borough of Yardley v. Garlits

*Curtin & Heefner,* for Borough of Yardley.
*Samuel M. Snipes,* for defendant

BIESTER, P. J., March 6, 1959.—This matter is before us on a certiorari bringing up the record of a proceeding before a justice of the peace of the Township of Falls, this county.

The case involves the prosecution of an alleged violation of an ordinance of the Borough of Yardley, known as Ordinance No. 87, and enacted May 13, 1957. The ordinance is designed to protect public health, defendant being charged with the violation of several sections of the ordinance dealing with sewage disposal.

Defendant challenges the jurisdiction of the justice of the peace, contending that the burgess or a justice of the peace of the Borough of Yardley were the only officials authorized to hear and dispose of the case. In order to appreciate the problem, it is essential that we cite certain related acts of assembly of the Commonwealth referring to the authority of justices of the peace to hear such cases.

The Act of April 5, 1849, P. L. 409, sec. 7, 42 PS §292 provides:

"In all cases of the breach of any by-laws of any city, borough, town or corporate body within this commonwealth, subjecting the offender to a penalty or fine therefor, that suits for the recovery thereof may be maintained before any justice of the peace or alderman, in like manner as suits for the recovery of debts under the sum of one hundred dollars may now be maintained before them: Provided, The parties shall have the right to appeal as in other cases."

The Borough Code of May 4, 1927, P. L. 519, as revised and amended by the Act of July 10, 1947, P. L. 1621, 53 PS §45001, states in section 1 thereof that it "does not include any provisions, and shall not be construed to repeal any acts, relating to: . . . (g) Justices of the peace": 53 PS §45102.

Section 91 of the code, 53 PS §48101, provides:

"Fines, penalties and costs made payable by this act, or imposed under any ordinances of the borough, shall be recoverable, before the burgess or any justice of the peace of the borough, in the same manner as debts not exceeding three hundred dollars are recoverable, and when so recovered shall be forthwith paid to the treasurer of the borough."

The ordinance in question, section 9, par. 2, provides that a prosecution for violation thereof may be instituted "before any justice of the peace of the county, etc."

The problem here presented is the same as that ruled upon in the case of Borough of Throop v. Matyassi, 82 D. & C. 449. Nothing would be gained by reciting lengthy quotations from that case. Suffice it to say we are in complete accord with the rationale and result of the Throop case. Briefly stated, it is to the effect that since section 53 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §553, requires that:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both," we should, if possible, reconcile these partially contradictory statutory provisions.

Such result may be reached if we consider section 91 of the Borough Code as hereinbefore recited, as not in general conflict with the Act of 1849, but rather a limitation of venue to the municipality in which the alleged violation occurred. A similar, familiar instance of such limitation of venue in summary proceedings is contained in The Vehicle Code restricting prosecution for many violations thereof to the nearest available magistrate within a municipality in which the offense was committed.

Quoting from the Throop case, page 454:

"We conclude, therefore, that while section 3101 [now 91] of the code limits the venue of actions brought under ordinances such as this to magistrates within the territorial subdivision where the offense was committed, it does not in any way limit the general jurisdiction of an alderman to entertain this class of action, the limitation being only as to the venue of the specific offense, to wit, the violation of the provision of the borough ordinance."

The fact that the ordinance permits prosecution to be brought before any justice of the peace of the county does not change the rule enunciated in the Throop case, for as was said in Genkinger v. New Castle, 368 Pa. 547, 549:

"Municipalities are not sovereigns; they have no original or fundamental power of legislation; they have the right and power to enact only those ordinances which are authorized by an act of the legislature: Kline v. Harrisburg, 362 Pa. 438, 68 A. 2d 182; Murray v. Phila., 364 Pa. 157, 71 A. 2d 280.

"Moreover, an ordinance must be in conformity with the provisions of the enabling statutes; if it conflicts therewith it is void: Bussone v. Blatchford, 164 Pa. Superior Ct. 545, 67 A. 2d 587; Grisbord v. Phila., 148 Pa. Superior Ct. 91, 24 A. 2d 646; Kline v. Harrisburg, 262 Pa. supra; 1 Dillon on Municipal Corporations, 5th Ed. 449." See also Zeloyle v. Bettor, 371 Pa. 546, 551; Commonwealth v. Germsback, 167 Pa. Superior Ct. 106, 109; Commonwealth v. Harrar, 12 D. & C. 2d 341.

Since it is our conclusion that the justice of the peace of Falls Township was without authority to hear this case and impose a fine under the ordinance, there is no occasion to discuss other questions which are raised as to the propriety of the prosecution.

*Order*

And now, to wit, March 6, 1959, the justice of the peace is found to have been without jurisdiction and the judgment finding defendant guilty of the summary offense charged against him is set aside and vacated. Frederick W. Eiffert, who made the information, is directed to pay the costs.