## Taylor v. Sharon Police Pension Fund

*John Q. Stranahan,* for plaintiff.

*William Allen Dill,* for defendant.

McKay, J., May 26, 1964.—This action in mandamus is before the court on agreed facts. In his complaint, plaintiff, a retired police officer of the City of Sharon, asks the court to order the Police Pension Fund of that city to make immediate payment of the amount alleged to be due him for his pension and to continue to make monthly pension payments as required by the statutes of the Commonwealth. The answer alleges that there is no sum due plaintiff inasmuch as he has exhausted the entire "account" allocated to him pursuant to the provision of City Ordinance No. 66-52, which provides the conditions of the pension fund. The case involves the legality of a provision in the ordinance which authorizes the fund to set up a separate account for each officer, the total amount of which is determined at the time he retires, and to limit pension payments to him after his retirement to the amount of his "account."

Plaintiff, Lawrence M. Taylor, served as a police officer from October 12, 1936, until his retirement on December 20, 1956. Following his retirement, he was paid $180 per month from the pension fund until December 31, 1963, and $158.93 in January, 1964. At that time he was notified that his "account," i.e., the portion of the fund allocated to him as his share at the time of his retirement in the original total amount of $14,154.32, was exhausted and that no further payments would be forthcoming.

The act under which the fund was created [1] provides in substance that cities *shall* establish by ordinance a

---

[1] Act of June 23, 1931, P. L. 932, as amended, January 18, 1952, P. L. 2105, 53 PS §39301.

police pension fund, which fund shall be applied under such regulations as council may, by ordinance, prescribe for the benefit of such members of the police force as shall receive honorable discharge therefrom by reason of age; that such allowances shall be in conformity with the uniform scale; that the ordinance shall prescribe a minimum period of continuous service, not less than 20 years, and a minimum age of 50 years after which members may retire from active duty, but be subject to service as a police reserve; that payments for allowances shall not be a charge on any fund in the treasury of the city, save the police pension fund; that the basis of the apportionment of the pension shall be determined by the rate of the monthly pay of the member at the date of retirement and, except increments, shall not exceed in any year one half the annual pay of the member; that when a person has been admitted to participation in the fund he shall not be deprived of his right to an equal and proportionate participation therein upon the basis upon which he became entitled thereto. It further provides that there shall be paid annually to the organization in charge of the distribution of pension funds sufficient money to meet the requirements of and maintain the fund, such sum in no year shall be less than one half of one percentum nor more than two percentum of all city taxes levied, other than taxes to pay interest or extinguish the city debt. In the present case, in addition to the appropriations made by the city, the fund is made up of contributions by members of the police force of three percent of their wages, tax on premiums paid to foreign casualty insurance companies, and gifts from various sources, including net proceeds of the annual Sharon Policemen's Ball.

It is apparent that the above act not only authorizes but requires the City of Sharon to set up a pension fund for retired police officers, the basis of the apportionment of the pension to be determined by the rate of his

monthly pay at the date of retirement up to one half his pay while active, and that once the officer has become entitled to receive an allowance from the fund, he may not thereafter be deprived of his right to an equal and proportionate participation in it upon the basis upon which he became entitled thereto. These provisions indicate that the pension which the act contemplates is a monthly pension in a definite amount, which shall continue during the lifetime of the retiree.

The ordinance of the City of Sharon adopted for the purpose of complying with the provisions of the above statute, however, sets up a markedly different plan of payment to retirees from that prescribed by the act. Ordinance No. 66-52 adopted December 23, 1952, which includes all amendments to date, sets up a police pension fund commission, names the McDowell National Bank of Sharon as trustee and custodian of the fund, and provides for the following method of distribution to retirees.

The treasurer is required to set up an "account" for each member of the police force and as of January 1st of each year, credit to such member's "account" his contribution from wages and a prorata share of other funds received during the preceding calendar year, based upon the number of the members of the force on June 30th of the preceding year. Under the ordinance and the plan as carried out, when a qualified officer retires he receives upon application the amount credited to his "account" upon retirement and no more. This amount is distributed to him in monthly installments which, as he shall elect, varies from $50 up to one half of his monthly salary on retirement. The monthly payments continue until his "account" (that is, his apportioned share of the pension fund set apart at his retirement) is completely exhausted, after which he receives nothing, no matter how long he may live or how dire is his need in his old age. This plan is obviously not a pen-

sion plan at all but a form of deferred investment with a fixed limitation in total amount, which is not authorized by the statute.

It is true that the ordinance and the plan also provides a liberal and most desirable insurance feature in that if the officer dies before his "account" is exhausted, the balance is paid to his designated beneficiary (widow, children or estate) or if undesignated, to those persons in the above order. However desirable this insurance feature of the plan may be, it also is not provided for in the statute. In short, the Sharon ordinance sets up a trust scheme which contains some nonstatutory benefits, fails to include the mandatory pension of the act, and omits the essential requirement of any pension plan; viz., that however great or small the amount of the monthly payment may be, it be definite and continue during the lifetime of the pensioner. In our opinion, the continuity of payment is of the essence of any pension system and is inherent in the very meaning of the word itself. The Sharon system terminates the monthly payments at the very time when the retiree in his advanced age needs it most. It may be that its nonstatutory insurance feature outweighs the failure to furnish the benefits that the statute requires. Be that as it may, the Sharon plan is not what the act requires.

We have, therefore, an inherent conflict and are required to decide which shall prevail, the ordinance or its enabling statute. There can be but one answer to this question. It is fundamental that a municipality has no power to enact ordinances except as they are authorized by an act of the legislature: Murray v. Philadelphia, 364 Pa. 157; and that an ordinance which conflicts with its enabling statute is void: Bussone v. Blatchford, 164 Pa. Superior Ct. 545.

It necessarily follows that Sharon Ordinance No. 66-52 is illegal and void to the extent that it sets up a segregated "account" at the time of retirement and limits

the pension payments to a retiree to the total amount of that account. For the same reason, it is likewise illegal with respect to its insurance feature, although that question is not explicitly before us.

Other reasons why the ordinance is illegal readily suggest themselves. For instance, under the Sharon plan the retiree does not share at all in any portion of the fund created after the date of his retirement. This provision conflicts with the provision of section 39304 that when a person has been admitted to participate in a fund, "he shall not be deprived of his right to an equal and proportionate participation therein upon the basis upon which he became entitled thereto." Again, the plan of the maintenance of a separate account for each officer produces the very type of a ridiculous fiscal situation that is presented in the present case, in which the treasurer of the fund has notified plaintiff that it has no money in the pension fund with which to continue his $180 per month payments, notwithstanding there was at that time approximately $600,000 in the fund.

Defendant has raised the defense of waiver. It contends that Lawrence M. Taylor, in drawing monthly payments for 20 years under the plan provided by the ordinance has waived any right to challenge its legality now. In our opinion the defense of waiver is not applicable, for he had no alternative between accepting the payments due under the ordinance or none at all.

It is further suggested that he has waived the illegality of the ordinance by failing to challenge it in court during the 20-year period when he was receiving the monthly payments. This position is completely answered by the fact that until the treasurer stopped the payments because the account was exhausted in January of 1964, plaintiff had no standing to challenge the ordinance. In Davidson v. Beaver Falls Council, 348 Pa. 207, it was held that a police officer has no right in mandamus until such time as he has suffered a legal

loss. It is contended also that he could have brought the action as a taxpayer. It is true that he could have brought such an action, but he was under no duty to do so and his failure to so act cannot be regarded as a waiver of the right to bring mandamus now as a retiree who is being denied his legal rights.

Accordingly, we hold that the portion of the Sharon Pension Ordinance which requires that an officer's "account" be segregated, the total amount thereof to be ascertained at the time of his retirement, and his pension payments thereafter to be limited to that "account," and terminable when it is exhausted is illegal and void. We also hold that plaintiff has not waived any of his rights as a retiree by accepting benefits under the ordinance or failing to bring a court action prior to the present one.[2]

It does not follow, however, that the mandamus sought in the present proceeding should be granted. It is well settled that no one has any rights under a void ordinance: Kline v. Harrisburg, 362 Pa. 438. Hence neither plaintiff nor anyone else can require payments of pension to him where there is no valid distribution portion of the ordinance in existence.

On the other hand, he is not left without legal remedy. There is nothing illegal about the portion of the ordinance which provides for the accumulation of a pension fund. A substantial fund of approximately $600,000 has been accumulated and is in the hands of responsible trustees available for distribution as soon as a legal method of distribution has been provided for by an appropriate ordinance or amendment to the existing ordinance. There is nothing illegal about the fund itself, and plaintiff has acquired a right to his proportionate share in that fund and in future accretions to it by virtue of his contributions while on active duty.

---

[2] We ignore as immaterial the additional fact that he acted for a time as one of the trustees of the fund.

It is to be presumed that council will adopt a new or amend the existing ordinance so as to comply with this law and thereupon resume monthly pension payments to which he may be entitled under the new or amended ordinance. If it fails to do so, plaintiff will have his right of action in mandamus to compel it. It is suggested that we should issue an order to council to amend the ordinance as an incident to our decision of the present controversy. But the pleadings do not ask such order, and the council is not even a party defendant. Accordingly, the present action asking for an order against the fund itself must be resolved in favor of defendant.

*Order*

Now, May 26, 1964, it is ordered that judgment be entered in the above entitled case for the defendant.